By the Court—Brady, J.
The statute of 186 (Laws, p. 594), is mandatory. (Fairchild v. Gwynne, 16 Abbott Pr. Rep., 23). And it requires that every assignment for the benefit of creditors shall be in writing, and shall be duly acknowledged. It is an affirmative statute, introductory of a new law and directing a thing to be done in a certain manner; that thing shall not, even although there are no negative words, be done in any other manner. (Dwarris on Statutes, p. 641.) The execution cannot therefore be proved by a subscribing witness. (Cook v. Kelley (12 Abbott Pr. Rep., 35; same case, 14 Abbott Pr. Rep., 466). The statute contemplates an acknowledgment by the debtors making the assignment and not by their attorney, or through the medium of a witness. The object is to secure the cooperation of the debtors and their disclosures of the assets belonging to them. Hence, it provides that the debtor or debtors shall make and deliver an inventory or schedule to the county judge of the county in which such debtor or debtors resided at the date of the assignment, and that an affidavit shall be made by such debtor or debtors, and annexed to and delivered with such inventory or schedule, that the same is in all respects just and true according to the best of such debtor or debtor’s knowledge and belief. It is true that the schedule mentioned may be made after the assignment is executed, but the formula prescribed is evidence- of the design of the legislature to exact a united action on the part of joint debtors personally and not by representation. There is ho difference in effect between proof by a subscribing witness and an- acknowledgment by an attorney delegated to execute the assignment, neither being the direct act of the assignor; and so far as the schedule is concerned it by no means follows that an attorney has any knowledge of the property of the firm which he assists, in transferring. If an assignment may be executed and acknowledged by an attorney appointed for that purpose by one *49 of the debtors, it may be executed and acknowledged in the same way as to all, and the abuses which the statute was intended to prevent still prevail to the detriment of the creditor. (See op., Mullen, J., in Fairchild v. Gwynne, 16 Abbott, supra, p. 31). In such a ease the debtors would not assume the obligations or incur the penalties of any false statements contained in the inventory or schedule; and the inventory, however false, might so far as the attorney is concerned, be -correct according to the best of his knowledge and belief. Such is not the knowledge and belief required. It is that of the debtor which the statute exacts, and it is this which must be expressed.
It may be said that this view of the question presented trill render it impossible to execute an -assignment where the debtor or one of them is absent or is a resident of a foreign country, but this is not necessarily the result. The laws are ample for such cases. Acknowledgments may be made abroad before the officers authorized to take them.' It may prevent hasty or ill considered assignments, or the intentional absence of debtors as a part of the fraud to be practised upon creditors,, but whether either or all of those consequences follow is a matter for legislative interference. If the statute is too stringent and the debtors are asked to do things seemingly oppressive the law-makers must provide the remedy by relieving them of the burdens imposed. It may be said in addition to this, as to a partner resident abroad, that it is of great importance to the creditors that his oath, as to the assets immediately under his charge, should be furnished although it may be that under, the section of the statute relating to the affidavits to be annexed to the schedule, the non-resident partner, not residing in any county in this State, would not be required to make it, in order to give validity to the assignment. It may also be said, that as to non-resident co-partners the statute does not and should not apply, with the same strictness as to residents. The-general scope of the statute, all its provisions being considered with reference to the object in view, contemplates and includes resident co-partners and not necessarily members who do not reside in this country. But however that may be, and whatever may be the construction of the statute as to them, the present case is one of resident partners, one of whom executed a power *50 of attorney, in an anticipation of an assignment, and then, absenting himself for what reason does not appear, continued to be absent when the assignment was made. The object of the statute was not accomplished, therefore, by the manner of executing the assignment in this case, and its mandates were not obeyed. The acts of all the partners, directly, in reference to the assignment and to the assigned estate were not secured, "and the omission to distinguish the assignment by them renders it invalid.
The judgment of the Special Term should be reversed.